IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**THE B & F SYSTEM, INC.**,

    Plaintiff,

v.

**LLOYD J. LEBLANC JR., et al.**,

    Defendants.

Civil Action No. 7:07-CV-192 (HL)

**ORDER**

This case is before the Court on the parties' Motions for Reconsideration (Docs. 198-199) of the Court's order entered on September 14, 2011, granting, in part, and denying, in part, the parties' cross-motions for summary judgment.

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Instead, the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Courts generally grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Id. "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003)).

The Court has closely reviewed both Motions and the responses to the same. After much consideration, the Court denies Defendants' Motion for Reconsideration (Doc. 198). The Court grants, in part, and denies, in part, Plaintiff's Motion for Reconsideration (Doc. 199).

Lloyd LeBlanc and Maxam Wholesale of Atlanta, Inc. ("MWA") asserted a breach of contract counterclaim against Plaintiff based on alleged breaches of the Maxam Independent Distributorship Agreement ("MIDA"). In its summary judgment order, the Court found that MWA does not have standing to bring a breach of contract claim against Plaintiff because MWA was not a party to the MIDA, the MIDA had never been assigned to MWA, and there is nothing in the record to indicate that the MIDA was intended to benefit MWA, which is required for a third party to enforce the provisions of a contract. (Doc. 197, p. 81).

Lloyd and MWA also asserted a wrongful termination of contract counterclaim and breach of the covenant of good faith and fair dealing counterclaim, both based on the MIDA. Both of these claims survived Plaintiff's summary judgment motion. Plaintiff has now requested in its Motion for Reconsideration that the Court find MWA does not have standing to bring these contract-related counterclaims either. The Court agrees with Plaintiff that MWA cannot assert these counterclaims for the same reason it cannot assert the breach of contract counterclaim. Thus, Lloyd alone will be

allowed to present the First Counterclaim - Wrongful Termination of Contract - and the Third Counterclaim - Breach of the Covenant of Good Faith and Fair Dealing - at the trial of this case.

This case will be tried during the Court's January trial term in Valdosta, Georgia. The first day of the term has been moved to January 17, 2011. A pretrial conference is scheduled for December 21, 2011 at 9:30 a.m. in Macon, Georgia. A separate order outlining the parties' responsibilities prior to the pretrial conference will be entered shortly. The Court intends to proceed at trial as previously outlined in the summary judgment order (Doc. 197, pp. 87-88), as modified by this Order, so the parties should be prepared for a bifurcated trial.

**SO ORDERED**, this the 25th day of October, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh