IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

THE B & F SYSTEM, INC.,

Plaintiff,

v.

LLOYD J. LEBLANC JR., MAXAM WHOLESALE OF ATLANTA, INC., DIRECT SOURCE IMPORTS, INC., ARTHUR JEFFREY LEBLANC, LLOYD LEBLANC, III, PRODUCTOS MEXICANOS DON JOSE, INC., LEBLANC'S LLC, and EDNA G. LEBLANC,

Defendants.

Civil Action No. 7:07-CV-192 (HL)

FILED
JAN 23 2012
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## JURY CHARGES - PHASE I

LADIES AND GENTLEMEN:

You have heard Phase I of the trial of this case and it now becomes my duty to explain to you the rules of law which you must follow and apply in reaching a decision in this phase. When I have concluded, you will retire to the jury room and begin your deliberations.

In deciding this portion of the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or

not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations, you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach

conclusions which reason and common sense lead you to make. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers have said is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decisions concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness

had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

I remind you that this is Phase I of this trial and at this time you are only to decide the issues presented to you now. The parties will have the opportunity to present evidence and argument on other matters in the later phase.

In this phase of the case, it is the responsibility of the plaintiff, The B & F System, Inc., to prove every essential part of its claims by a preponderance of the evidence. This is sometimes called the burden of proof or the burden of persuasion.

A preponderance of the evidence simply means an amount of evidence that is enough to persuade you that B&F's claims are more likely true than not true.

When more than one claim is involved, you should consider each claim separately; but in deciding whether any fact has been

proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find for the defendants as to those claims.

The first issue you must decide is whether there was a partnership between Defendants Lloyd LeBlanc, Jody LeBlanc, and Jeff LeBlanc. B&F has the burden of proof on this issue and must show the existence of a partnership by a preponderance of the evidence.

A partnership is an association of two or more persons to carry on as co-owners a business for profit.

A partnership may be created either by written or oral contract. The sharing of gross returns of a business alone does not establish a partnership. The receipt by a person of a share of the profits of a business is prima-facie evidence that he is a partner in the business; provided, however, that no such inference shall be drawn if profits were received in payment of the following, even though the amount of payment varies with the profits of the business: (a) debt; (b) wages, salary, or other compensation; (c) rent; (d) annuity; (e) interest or payment on a loan; or (f) consideration for a sale. The term prima facie means that which is sufficient to establish a fact or raise a presumption unless disproved or rebutted.

Except as provided otherwise by law, persons who are not partners as to each other are not partners as to third persons.

A partnership is a contractual relationship and may result from an express agreement that the relationship shall exist or by implication from certain agreements that the parties have made. If the parties, by written or oral contract, expressly agree to become partners, a partnership is created. If they enter into an agreement whereby there is a joint ownership, use, or enjoyment of the profits of undivided property, real or personal, a partnership arises by implication. If two or more persons put into an enterprise property, money, or other things of value other than mere personal services upon agreement that they shall each have an interest in the profits and that the earnings on the investment shall determine the extent of all profits, if any, to be received, it is a partnership, although no mention may be made as to losses.

An agreement to pay an employee a share in the profits of a business when the employee has no interest in the business as owner or its control or responsibility for its losses does not make that employee a partner. The test as to whether two persons are partners is their intention to bind each other (that is, be agents for each other) in connection with a business. Ordinarily, an agreement to share profits and losses will prove partnership.

Notice to any partner of any matter relating to partnership affairs operates as notice to the partnership. The knowledge of any partner acting in a particular matter, acquired while he was a partner, operates as knowledge of the partnership. The knowledge of any other partner who reasonably could and should have communicated it to the acting partner operates as notice to the partnership or knowledge of the partnership.

You must also decide the date on which the Service Mark License Agreement was terminated. B&F bears the burden by a preponderance of the evidence on the termination issue.

The Service Mark License Agreement contains a provision which states that either party may terminate the license at any time by delivery of written notice of termination to the other party. All notices are deemed to have been delivered at the time when they are properly mailed. A notice is properly mailed under the Service Mark License Agreement when placed in an envelope and deposited in the United States mail, postage prepaid, and sent to the addresses contained in the Agreement.

Waiver is the voluntary relinquishment of a known right and may be established by express statements or implied by conduct. A

waiver must be intentional. Ordinarily, mere silence is not sufficient to establish a waiver unless there is an obligation to speak.

The provisions of a written contract may be waived by acts or conduct which justify the other party to believe the express provisions are waived. B&F bears the burden of proof on the waiver issue, and must establish any waiver by a preponderance of the evidence.

The general rule with respect to compliance with contract terms is not strict compliance, but substantial compliance.

Where one who can read signs a contract without reading it, he is bound by its terms.

You must also decide when the Maxam Independent Distributor Agreement was terminated.

The Maxam Independent Distributor Agreement makes reference to the MID and the Company. The MID is Lloyd LeBlanc. The Company is B&F.

Paragraph 9 of the Maxam Independent Distributor Agreement states that: "Unless otherwise mutually agreed, the termination of this Agreement may be made by the MID by giving 90 days' written notice to the Company. Unless mutually agreed, the termination of this Agreement may be made by the Company by giving no less than 90 days' written notice to the MID, but only if due cause can be shown for such termination."

You must determine whether there was an agreement to terminate the Maxam Independent Distributor Agreement on May 15, 2007. B&F bears the burden of showing by a preponderance of the evidence an agreement to terminate on May 15, 2007.

Waiver is the voluntary relinquishment of a known right and may be established by express statements or implied by conduct. A waiver must be intentional. Ordinarily, mere silence is not sufficient to establish a waiver unless there is an obligation to speak.

The provisions of a written contract may be waived by acts or conduct which justify the other party to believe the express provisions are waived. B&F bears the burden of proof on the waiver issue, and must establish any waiver by a preponderance of the evidence.

The general rule with respect to compliance with contract terms is not strict compliance, but substantial compliance.

Where one who can read signs a contract without reading it, he is bound by its terms.

If you find that the Maxam Independent Distributor Agreement was not terminated on May 15, 2007, you must then decide the date on which the Agreement was terminated.

You must also make factual determinations with regard to the knowledge of certain defendants.

First, you must determine whether Edna LeBlanc had personal knowledge of the Service Mark License Agreement prior to November 12, 2007.

Second, if you determine that Jody LeBlanc was not in a partnership with Lloyd LeBlanc, you must also decide whether Jody LeBlanc had personal knowledge of the Service Mark License Agreement prior to November 12, 2007.

In this case you have been permitted to take notes during the course of the trial, and some of you have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, You Tube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your

deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in this case.

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached a unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you come back to

the courtroom so that I may address you orally. I caution you, however, with regard to any message or question you might send, you should not tell me, the security officer, or anyone else what your numerical division may be.

You may go now to the jury room, but do not begin your deliberations until I send you the pleadings, exhibits, and verdict form, which I will do shortly. Then you may begin your deliberations.