OFFICIAL COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

FILED



FEB 3 2012

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

THE B & F SYSTEM, INC.,

    Plaintiff,

v.

LLOYD   J.   LEBLANC   JR.,   MAXAM
WHOLESALE OF ATLANTA, INC., DIRECT
SOURCE IMPORTS, INC., ARTHUR JEFFREY
LEBLANC, LLOYD LEBLANC, III, PRODUCTOS
MEXICANOS DON JOSE, INC., LEBLANC'S
LLC, and EDNA G. LEBLANC,

    Defendants.

Civil Action No. 7:07-CV-192 (HL)

## SPECIAL INTERROGATORIES TO THE JURY - PHASE II

### BREACH OF CONTRACT

I.    **The B & F System, Inc.'s Breach of Contract Claims – Maxam Independent Distributor Agreement**

1.    Do you find that B&F proved by a preponderance of the evidence that Lloyd LeBlanc breached Paragraphs 4 or E of the Maxam Independent Distributor Agreement?

        ___✓___ YES        _____ NO

2.    If you answered YES to Question 1, what is the amount of damages, if any, you award B&F as a result of the breach of the Maxam Independent Distributor Agreement?

    $ 72,114

II.    **The B & F System, Inc.'s Breach of Contract Claims – Service Mark License Agreement**

3.    Do you find that B&F proved by a preponderance of the evidence that Lloyd LeBlanc breached Paragraphs 1, 2, 3, 4, or 6 of the Service Mark License Agreement?

        ___✓___ YES        _____ NO

4.    If you answered YES to Question 3, what is the amount of damages, if any, you award B&F as a result of the breach of the Service Mark License Agreement?

    $ 35,665

III.    **Lloyd J. LeBlanc Jr.'s Breach of Contract Counterclaim – Maxam Independent Distributor Agreement**

5.    Do you find that Lloyd LeBlanc proved by a preponderance of the evidence that B&F breached Paragraph 9 of the Maxam Independent Distributor Agreement?

_____ YES          ___✓___ NO

6.    If you answered YES to Question 6, what is the amount of damages, if any, you award Lloyd LeBlanc as a result of the breach of the Maxam Independent Distributor Agreement?

$ _0_____

IV.    **Lloyd J. LeBlanc Jr.'s Breach of Contract Counterclaim – Maxam Independent Distributor Agreement, as modified**

7.    Did Lloyd LeBlanc prove by a preponderance of the evidence that the Maxam Independent Distributor Agreement was modified or amended through course of dealing or course of performance, and was breached by B&F?

_____ YES          ___✓___ NO

8.    If you answered YES to Question 7, what is the amount of damages, if any, you award Lloyd LeBlanc as a result of the breach of the Maxam Independent Distributor Agreement?

$ _0_____

V.    **Lloyd J. LeBlanc Jr.'s Counterclaim – Breach of Covenant of Good Faith and Fair Dealing**

If you answered YES to Question 5 <u>or</u> 7, please answer Question 9.
If you answered NO to both Questions 5 <u>and</u> 7, skip to Question 11.

9.    Did Lloyd LeBlanc prove by a preponderance of the evidence that B&F breached the covenant of good faith and fair dealing implied under the Maxam Independent Distributor Agreement?

_____ YES          _____ NO

10.    If you answered YES to Question 9, what is the amount of damages, if any, you award Lloyd LeBlanc as a result of the breach of the covenant of good faith and fair dealing?

$_____

## TORTIOUS INTERFERENCE

11.    Did B&F prove by a preponderance of the evidence that Productos Mexicanos Don Jose, Inc. tortiously interfered with the contractual relationship between Lloyd LeBlanc and B&F established by the Maxam Independent Distributor Agreement prior to the termination of the Agreement on May 31, 2007?

____✓____ YES                 _____ NO

12.    If you answered YES to Question 11, what is the amount of damages, if any, you award B&F as a result of the tortious interference by Productos Mexicanos Don Jose, Inc.?

$ 0 _____

13.    Did B&F prove by a preponderance of the evidence that Direct Source Imports, Inc. tortiously interfered with the contractual relationship between Lloyd LeBlanc and B&F established by the Maxam Independent Distributor Agreement during the time period of May 25, 2007 and May 31, 2007?

____✓____ YES                 _____ NO

14.    If you answered YES to Question 13, what is the amount of damages, if any, you award B&F as a result of the tortious interference by Direct Source Imports, Inc.?

$ 7,500 _____

15.    Did B&F prove by a preponderance of the evidence that Edna LeBlanc tortiously interfered with the contractual relationship between Lloyd LeBlanc and B&F established by the Service Mark License Agreement prior to the termination of the Agreement on November 12, 2007?

____✓____ YES                 _____ NO

16.    If you answered YES to Question 15, what is the amount of damages, if any, you award B&F as a result of the tortious interference by Edna LeBlanc?

$ 0 _____

17. Did B&F prove by a preponderance of the evidence that Jeff LeBlanc tortiously interfered with the contractual relationship between Lloyd LeBlanc and B&F established by the Service Mark License Agreement prior to the termination of the Agreement on November 12, 2007?

_____✓_____ YES       _____ NO

18. If you answered YES to Question 17, what is the amount of damages, if any, you award B&F as a result of the tortious interference by Jeff LeBlanc?

$ 35,665_____

19. Did B&F prove by a preponderance of the evidence that Jody LeBlanc tortiously interfered with the contractual relationship between Lloyd LeBlanc and B&F established by the Service Mark License Agreement prior to the termination of the Agreement on November 12, 2007?

_____✓_____ YES       _____ NO

20. If you answered YES to Question 19, what is the amount of damages, if any, you award B&F as a result of the tortious interference by Jody LeBlanc?

$ 35,665_____

21. Did B&F prove by a preponderance of the evidence that Productos Mexicanos Don Jose, Inc. tortiously interfered with the contractual relationship between Lloyd LeBlanc and B&F established by the Service Mark License Agreement prior to the termination of the Agreement on November 12, 2007?

_____✓_____ YES       _____ NO

22. If you answered YES to Question 21, what is the amount of damages, if any, you award B&F as a result of the tortious interference by Productos Mexicanos Don Jose, Inc.?

$ 35,665_____

23. Did B&F prove by a preponderance of the evidence that Direct Source Imports, Inc. tortiously interfered with the contractual relationship between Lloyd LeBlanc and B&F established by the Service Mark License Agreement during the time period of May 25, 2007 to November 12, 2007?

_____✓_____ YES       _____ NO

4

24.    If you answered YES to Question 23, what is the amount of damages, if any, you award B&F as a result of the tortious interference by Direct Source Imports, Inc.?

$ 57,066

## LANHAM ACT AND RELATED STATE LAW CLAIMS

I.    **The B & F System, Inc.'s Trademark Infringement Claim - MAXAM Registered Trademark**

25.    Did B&F prove by a preponderance of the evidence that Lloyd LeBlanc infringed on B&F's MAXAM registered trademark?

_____✓_____ YES              _____ NO

26.    Did B&F prove by a preponderance of the evidence that Jeff LeBlanc infringed on B&F's MAXAM registered trademark?

_____✓_____ YES              _____ NO

27.    Did B&F prove by a preponderance of the evidence that Jody LeBlanc infringed on B&F's MAXAM registered trademark?

_____✓_____ YES              _____ NO

28.    Did B&F prove by a preponderance of the evidence that Edna LeBlanc infringed on B&F's MAXAM registered trademark?

_____✓_____ YES              _____ NO

29.    Did B&F prove by a preponderance of the evidence that Maxam Wholesale of Atlanta, Inc. infringed on B&F's MAXAM registered trademark?

_____✓_____ YES              _____ NO

30.    Did B&F prove by a preponderance of the evidence that Direct Source Imports, Inc. infringed on B&F's MAXAM registered trademark?

_____✓_____ YES              _____ NO

31.    Did B&F prove by a preponderance of the evidence that Productos Mexicanos Don Jose, Inc. infringed on B&F's MAXAM registered trademark?

_____✓_____ YES              _____ NO

32.　Did B&F prove by a preponderance of the evidence that LeBlanc's LLC infringed on B&F's MAXAM registered trademark?

＿＿＿＿＿＿ YES　　　✓ NO

## II.　The B & F System, Inc.'s Trademark Infringement Claim - Lid Knob Trademark

33.　Did B&F prove by a preponderance of the evidence that the lid knob trademark is a valid trademark?

＿✓＿＿ YES　　　＿＿＿＿＿＿ NO

If you answered YES to Question 33, please answer Questions 34-41.
If you answered NO to Question 33, skip to Question 42.

34.　Did B&F prove by a preponderance of the evidence that Lloyd LeBlanc infringed on the lid knob trademark?

＿✓＿＿ YES　　　＿＿＿＿＿＿ NO

35.　Did B&F prove by a preponderance of the evidence that Jeff LeBlanc infringed on the lid knob trademark?

＿✓＿＿ YES　　　＿＿＿＿＿＿ NO

36.　Did B&F prove by a preponderance of the evidence that Jody LeBlanc infringed on the lid knob trademark?

＿✓＿＿ YES　　　＿＿＿＿＿＿ NO

37.　Did B&F prove by a preponderance of the evidence that Edna LeBlanc infringed on the lid knob trademark?

＿✓＿＿ YES　　　＿＿＿＿＿＿ NO

38.　Did B&F prove by a preponderance of the evidence that Maxam Wholesale of Atlanta, Inc. infringed on the lid knob trademark?

＿✓＿＿ YES　　　＿＿＿＿＿＿ NO

39.　Did B&F prove by a preponderance of the evidence that Direct Source Imports, Inc. infringed on the lid knob trademark?

＿✓＿＿ YES　　　＿＿＿＿＿＿ NO

40.   Did B&F prove by a preponderance of the evidence that Productos Mexicanos Don Jose, Inc. infringed on the lid knob trademark?

_____✓_____ YES          _____ NO

41.   Did B&F prove by a preponderance of the evidence that LeBlanc's LLC infringed on the lid knob trademark?

_____ YES          _____✓_____ NO

III.   **The B & F System, Inc.'s Common Law Trademark Infringement Claim - "Maxam Wholesale"**

42.   Did B&F prove by a preponderance of the evidence that it owns "Maxam Wholesale"?

_____✓_____ YES          _____ NO

If you answered YES to Question 42, please answer Question 43.
If you answered NO to Question 42, please skip to Question 52.

43.   Did B&F prove by a preponderance of the evidence that "Maxam Wholesale" is a valid trademark?

_____✓_____ YES          _____ NO

If you answered YES to Question 43, please answer Questions 44-51.
If you answered NO to Question 43, skip to Question 52.

44.   Did B&F prove by a preponderance of the evidence that Lloyd LeBlanc infringed on B&F's "Maxam Wholesale" trademark?

_____✓_____ YES          _____ NO

45.   Did B&F prove by a preponderance of the evidence that Jeff LeBlanc infringed on B&F's "Maxam Wholesale" trademark?

_____✓_____ YES          _____ NO

46.   Did B&F prove by a preponderance of the evidence that Jody LeBlanc infringed on B&F's "Maxam Wholesale" trademark?

_____✓_____ YES          _____ NO

7

47.   Did B&F prove by a preponderance of the evidence that Edna LeBlanc infringed on B&F's "Maxam Wholesale" trademark?

_____✓_____ YES          _____ NO

48.   Did B&F prove by a preponderance of the evidence that Maxam Wholesale of Atlanta, Inc. infringed on B&F's "Maxam Wholesale" trademark?

_____✓_____ YES          _____ NO

49.   Did B&F prove by a preponderance of the evidence that Direct Source Imports, Inc. infringed on B&F's "Maxam Wholesale" trademark?

_____✓_____ YES          _____ NO

50.   Did B&F prove by a preponderance of the evidence that Productos Mexicanos Don Jose, Inc. infringed on B&F's "Maxam Wholesale" trademark?

_____✓_____ YES          _____ NO

51.   Did B&F prove by a preponderance of the evidence that LeBlanc's LLC infringed on B&F's "Maxam Wholesale" trademark?

_____ YES          _____✓_____ NO

**IV.   The B & F System, Inc.'s False Designation of Origin/Unfair Competition Claim**

52.   Did B&F prove by a preponderance of the evidence its claim of false designation of origin/unfair competition as to Lloyd LeBlanc?

_____ YES          _____✓_____ NO

53.   Did B&F prove by a preponderance of the evidence its claim of false designation of origin/unfair competition as to Jeff LeBlanc?

_____✓_____ YES          _____ NO

54.   Did B&F prove by a preponderance of the evidence its claim of false designation of origin/unfair competition as to Jody LeBlanc?

_____✓_____ YES          _____ NO

8

55.   Did B&F prove by a preponderance of the evidence its claim of false designation of origin/unfair competition as to Edna LeBlanc?

_____ YES          _____✓_____ NO

56.   Did B&F prove by a preponderance of the evidence its claim of false designation of origin/unfair competition as to Maxam Wholesale of Atlanta, Inc.?

_____ YES          _____✓_____ NO

57.   Did B&F prove by a preponderance of the evidence its claim of false designation of origin/unfair competition as to Direct Source Imports, Inc.?

_____✓_____ YES          _____ NO

58.   Did B&F prove by a preponderance of the evidence its claim of false designation of origin/unfair competition as to Productos Mexicanos Don Jose, Inc.?

_____✓_____ YES          _____ NO

59.   Did B&F prove by a preponderance of the evidence its claim of false designation of origin/unfair competition as to LeBlanc's LLC?

_____ YES          _____✓_____ NO

If you answered YES to any question in Questions 25-59, please answer Questions 60-64.
If you answered NO to every question in Questions 25-59, skip to Question 65.

60.   Did B&F prove by a preponderance of the evidence that it suffered actual damages as a result of a violation of the Lanham Act?

_____✓_____ YES          _____ NO

61.   If you answered YES to Question 60, what is the amount of actual damages, if any, you award B&F on its Lanham Act claims?

$ 600,000

62.   Do you find by a preponderance of the evidence that B&F is entitled to the liable Defendants' profits attributable to the Lanham Act violations?

_____✓_____ YES          _____ NO

9

63.   If you answered YES to Question 62, what is the amount of the liable Defendants' profits, if any, you award B&F on its Lanham Act claims?

$ 357,040

64.   Did B&F prove by a preponderance of the evidence that the liable Defendants' actions were malicious, fraudulent, deliberate, or willful? The Court will deal with your finding in post-trial proceedings after you have been excused.

_____✓_____ YES          _____ NO

## V.   The B & F System, Inc.'s Georgia Uniform Deceptive Trade Practices Act Claim

65.   If you answered YES to any question regarding B&F's false designation of origin claim (Questions 52-59), you must find that B&F established its Georgia Uniform Deceptive Trade Practices Act claim by a preponderance of the evidence.

If you answered NO to every question regarding B&F's false designation of origin claim (Questions 52-59), you must find that B&F did not establish its Georgia Uniform Deceptive Trade Practices Act claim by a preponderance of the evidence.

Based on your answers to Questions 52-59, please respond YES or NO below as to B&F's Georgia Uniform Deceptive Trade Practices Act claim.

_____✓_____ YES          _____ NO

66.   If you answered YES to Question 65, has B&F proved by a preponderance of the evidence that the liable Defendants willfully engaged in the trade practice knowing it to be deceptive? The Court will deal with your finding in post-trial proceedings after you have been excused.

_____✓_____ YES          _____ NO

## VI.   The B & F System, Inc.'s Cyberpiracy Claim

67.   Did B&F prove by a preponderance of the evidence that Jeff LeBlanc committed cyberpiracy in violation of the Anticybersquatting Consumer Protection Act through his use of the domain names maxamwholesale.com and/or maxamwholesale.net during the time period of May 31, 2007 to June 4, 2011?

_____✓_____ YES          _____ NO

If you answered YES to Question 67, please answer Questions 68-70.
If you answered NO to Question 67, skip to Question 71.

68.     What is the amount of actual damages, if any, you award B&F on the cyberpiracy claim?

        $ 96,000

69.     What is the amount of the defendant's profits, if any, you award B&F on the cyberpiracy claim?

        $ 96,000

70.     Did B&F prove by a preponderance of the evidence that Jeff LeBlanc's actions were malicious, fraudulent, deliberate, or willful? The Court will deal with your finding in post-trial proceedings after you are excused.

        _____✓_____ YES              _____ NO


## VICARIOUS LIABILITY CLAIMS

71.     Did B&F prove by a preponderance of the evidence that Lloyd LeBlanc, Edna LeBlanc, Jeff LeBlanc, and Jody LeBlanc engaged in a civil conspiracy?

        _____✓_____ YES              _____ NO

72.     Did B&F prove by a preponderance of the evidence that Direct Source Imports, Inc. and Productos Mexicanos Don Jose, Inc. engaged in a common business enterprise?

        _____✓_____ YES              _____ NO

73.     If you found that Productos Mexicanos Don Jose, Inc. tortiously interfered with either the Maxam Independent Distributor Agreement or the Service Mark License Agreement (Questions 11 and 21), please answer the following:

        Should Jody LeBlanc be held personally liable for any torts committed by Productos Mexicanos Don Jose, Inc.?

        _____✓_____ YES              _____ NO

11

Should Jeff LeBlanc be held personally liable for any torts committed by Productos Mexicanos Don Jose, Inc.?

_____✓_____ YES        _____ NO

74.   If you found that Direct Source Imports, Inc. tortiously interfered with either the Maxam Independent Distributor Agreement or the Service Mark License Agreement (Questions 13 and 23), please answer the following:

Should Jody LeBlanc be held personally liable for any torts committed by Direct Source Imports, Inc.?

_____✓_____ YES        _____ NO

Should Jeff LeBlanc be held personally liable for any torts committed by Direct Source Imports, Inc.?

_____✓_____ YES        _____ NO

75.   If you found that Maxam Wholesale of Atlanta, Inc. is liable for trademark infringement or false designation of origin/unfair competition (Questions 29, 38, 48 and 56), please answer the following:

Should Lloyd LeBlanc be held personally liable for any trademark infringement or false designation of origin/unfair competition committed by Maxam Wholesale of Atlanta, Inc.?

_____ YES        _____✓_____ NO

76.   If you found that Productos Mexicanos Don Jose, Inc. is liable for trademark infringement or false designation of origin/unfair competition (Questions 31, 40, 50, and 58), please answer the following:

Should Jody LeBlanc be held personally liable for any trademark infringement or false designation of origin/unfair competition committed by Productos Mexicanos Don Jose, Inc.?

_____✓_____ YES        _____ NO

Should Jeff LeBlanc be held personally liable for any trademark infringement or false designation of origin/unfair competition committed by Productos Mexicanos Don Jose, Inc.?

_____✓_____ YES          _____ NO

77.   If you found that Direct Source Imports, Inc. is liable for trademark infringement or false designation of origin/unfair competition (Questions 30, 39, 49, and 57), please answer the following:

Should Jody LeBlanc be held personally liable for any trademark infringement or false designation of origin/unfair competition committed by Direct Source Imports, Inc.?

_____✓_____ YES          _____ NO

Should Jeff LeBlanc be held personally liable for any trademark infringement or false designation of origin/unfair competition committed by Direct Source Imports, Inc.?

_____✓_____ YES          _____ NO

SO SAY WE ALL THIS ___3rd___ day of ~~January~~ February, 2012.

_____
FOREPERSON