IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **THE B & F SYSTEM, INC.**, <br><br>        Plaintiff, <br><br> v. <br><br> **LLOYD J. LEBLANC JR., MAXAM WHOLESALE OF ATLANTA, INC., DIRECT SOURCE IMPORTS, INC., ARTHUR JEFFREY LEBLANC, LLOYD LEBLANC, III, PRODUCTOS MEXICANOS DON JOSE, INC., LEBLANC'S LLC, and EDNA G. LEBLANC,** <br><br>        Defendants. | Civil Action No. 7:07-CV-192 (HL) |

**ORDER**

This case is before the Court on Plaintiff's Motion for Interim Injunction (Doc. 287). The Court grants the Motion as follows:

WHEREAS on February 3, 2012, following a trial by jury, a jury verdict (the "Phase II Verdict") was entered finding that, *inter alia*, Lloyd LeBlanc Jr. ("Lloyd LeBlanc"), Arthur Jeffrey LeBlanc ("Jeff LeBlanc"), Lloyd J. LeBlanc III ("Jody LeBlanc"), Edna LeBlanc, Productos Mexicanos Don Jose, Inc. ("PMDJ"), Direct Source Imports, Inc. ("DSI"), and Maxam Wholesale of Atlanta, Inc. ("MWA") unlawfully infringed upon The B & F System, Inc.'s ("B&F") registered MAXAM trademark, its lid knob trademark, and its MAXAM WHOLESALE common law trademark; that Jody LeBlanc, Jeff LeBlanc, DSI, and PMDJ were liable for false designation of origin/unfair competition; and that Jeff LeBlanc had violated the Anticybersquatting Consumer Protection Act;

WHEREAS the Phase II Verdict found that each of the above stated acts were willful, malicious, deliberate, or fraudulent;

WHEREAS the Phase II Verdict found that disgorgement of profits, as permitted by 15 U.S.C. § 1117(a), was required as to Lloyd LeBlanc, Jeff LeBlanc, Jody LeBlanc, Edna LeBlanc, DSI, PMDJ, and MWA in the amount of $357,040 for B&F's Lanham Act claims, and in an additional amount of $96,000 from Jeff LeBlanc for B&F's cyberpiracy claim;

WHEREAS a final judgment on the monetary damages cannot be entered until the issue of permanent injunctive relief is resolved; and

WHEREAS the parties hereto have failed to reach agreement upon asset restriction or provision of security for payment of the amounts to be entered as final judgment upon the jury's verdicts, such restriction or security being necessary to assure viability and effect of the equitable remedy of disgorgement, the Court hereby orders as follows:

## I. FINDINGS

Upon consideration of the evidence submitted to date, the findings of the jury, and the arguments of the parties, the Court hereby finds and adjudges as follows:

1.  B&F is likely to prevail upon the merits of its claims. The jury has previously entered a verdict finding in favor of B&F and against Lloyd LeBlanc for

breach of contract; finding in favor of B&F and against PMDJ, DSI, Edna LeBlanc, Jeff LeBlanc, and Jody LeBlanc for tortious interference with contractual relations; finding in favor of B&F and against Lloyd LeBlanc, Jeff LeBlanc, Jody LeBlanc, Edna LeBlanc, DSI, PMDJ, and MWA for infringement of B&F's marks; finding in favor of B&F and against Jody LeBlanc, Jeff LeBlanc, DSI, and PMDJ for false designation of origin/unfair competition; and in favor of B&F and against Jeff LeBlanc for violation of the Anticybersquatting Consumer Protection Act.

2. A substantial threat of irreparable harm is present if the relief provided herein is not ordered. Further, there is good cause to believe there will be immediate and irreparable injury or damage to the Court's ability to grant final equitable relief if the relief provided herein is not ordered.

3. The harm to B&F, and to this Court's ability to issue effective equitable relief, from a lack of an interim injunction outweighs the harm to any legitimate interests of Lloyd LeBlanc, Edna LeBlanc, Jody LeBlanc, Jeff LeBlanc, DSI, PMDJ, and MWA caused by this injunction. The threatened harm to B&F and the Court's ability to grant equitable relief is substantial.

4. Entry of this Order and the relief provided hereby does not disserve the public interest, but rather serves the public's interests in fair competition, protectable property interests, and freedom from confusion in the marketplace.

5.      The amount of $500,000 represents a reasonable approximation of the amount to be equitably disgorged from Defendants Lloyd LeBlanc, Jody LeBlanc, Edna LeBlanc, DSI, PMDJ, and MWA.

## II. DEFINITIONS

1.      "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, mail or other deliveries, shares of stock or other securities, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located. "Asset" or "Assets" includes both existing assets and those assets acquired subsequent to the effective date of this Order.

2.      "Individual Defendants" means Lloyd LeBlanc, Edna LeBlanc, Jeff LeBlanc, and Jody LeBlanc.

3.      "Entity Defendants" means PMDJ, DSI, and MWA.

4.      "Person" means a natural person, an organization, an association, or an entity, including but not limited to any corporation, partnership, cooperative, or limited liability company.

5.      The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary in order to make the applicable phrase or sentence inclusive rather than exclusive.

### III. RELIEF REGARDING ASSET RESTRICTION

IT IS HEREBY ORDERED that the Individual Defendants and Entity Defendants and their officers, agents, employees, corporations, and all those persons in active concert or participation with them who receive actual notice of this Order are hereby restrained and enjoined from:

1.      Transferring, liquidating, converting, encumbering, disbursing, assigning, spending, withdrawing, pledging, loaning, concealing, granting a lien or security interest in, conveying (as security or otherwise) or otherwise disposing of any Asset, wherever located, that is:

    a.      owned or controlled by any Individual Defendant or Entity Defendant, in whole or in part, including but not limited to any Assets held by, for, or in the name of an Individual Defendant or Entity Defendant at any bank or other financial institution, any escrow agent, any title company, or any other financial institution or depositary of any kind;

    b.      in the actual or constructive possession of any Individual Defendant or Entity Defendant;

  c. owned by, controlled by, or in the actual or constructive possession of any corporation, partnership, limited liability company, association, or entity directly or indirectly owned, managed, or controlled by any Individual Defendant or Entity Defendant;

 2. Opening or causing to be opened any safe deposit box titled, singly or jointly, in the name of any Individual Defendant or Entity Defendant or subject to access by any Individual Defendant or Entity Defendant;

 3. Obtaining any loan or extension of credit which loan or extension of credit is secured, in whole or in part, by any Asset:

  a. owned or controlled by any Individual Defendant or Entity Defendant, in whole or in part;

  b. in the actual or constructive possession of any Individual Defendant or Entity Defendant;

  c. owned by, controlled by, or in the actual or constructive possession of any corporation, partnership, limited liability company, association, or entity directly or indirectly owned, managed, or controlled by any Individual Defendant or Entity Defendant.

PROVIDED, HOWEVER, that:

    A.    Any Individual Defendant or Entity Defendant may move the Court to permit a good and sufficient bond for security, in an amount not less than $500,000, to be posted in lieu of the continued effect of the provisions of Part III of this Order as to the Assets of the Individual Defendant or Entity Defendant;

    B.    Jody LeBlanc and Jeff LeBlanc individually, and Lloyd LeBlanc and Edna LeBlanc jointly, shall be permitted to withdraw, spend, dispose of, or otherwise utilize such Individual Defendant's Assets in an amount or value not more than $5,000 per month as reasonable living expenses of such Defendant. Further, any Individual Defendant may move the Court to permit utilization of assets in a greater amount for expenses of such Defendant, to be granted in the discretion of the Court upon submission of satisfactory proofs of the reasonableness of, necessity of, and justification for, such expenses;

    C.    Each Individual Defendant or Entity Defendant may move the Court to limit operation of the provisions of Part III of this Order to specific Assets of such Defendant in an unencumbered fair market value of $500,000, upon satisfactory proof to the Court of the existence and value of such Assets to be and remain subject of this Order;

      D.     Each Entity Defendant shall be permitted, except as provided in Part IV of this Order, to sell the inventory of such Defendant in such quantities and for such prices as is customary in the ordinary course of business of such Defendant. No bulk sales, liquidation sales, fire sales, going out of business sales, or the like shall be permitted. Further, nothing in this paragraph shall limit the effect of any provision in Part IV of this Order; and

      E.     In addition to the sales permitted in paragraph (D) directly hereinabove, PMDJ and DSI shall be permitted to withdraw, spend, dispose of, or otherwise utilize such Defendant's assets in an amount or value of not more than $25,000 per month for the payment of reasonable expenses of operation of such businesses. Further, any Entity Defendant may move the Court to permit utilization of additional assets for expenses of operation of such Defendant's business, relief thereon to be granted in the discretion of the Court upon satisfactory proof of the reasonableness and necessity of such expenses.

## IV. OTHER RELIEF

IT IS HEREBY FURTHER ORDERED that the Individual Defendants and Entity Defendants, and their officers, agents, employees, corporations, and all those persons in active concert or participation with them who receive actual notice of this Order:

1. Shall return to B&F any originals and copies they have in their possession or control, or will or may have in their possession or control, of B&F's master customer list;

2. Shall cease and desist from making use of the contents of B&F's master customer list for any and all purposes;

3. Shall cease and desist from transferring or conveying B&F's master customer list to any person or entity other than B&F;

4. Shall cease and desist all advertising, promotion, and sale of any product containing any steam control lid knob substantially similar to B&F's lid knob depicted in its Supplemental Register lid knob trademark (the "infringing lid knob") including, but not limited to, removing all photographs of such items from www.buydsi.com, www.heirloomcookware.com, and www.kitchenpridecookware.com;

5. Shall refrain from marketing, promoting, advertising, selling, offering for sale, distributing, or otherwise disposing of any product containing the infringing lid knob;

6. Shall cancel all orders for the purchase of items containing the infringing lid knob; and

7. Shall retain all presently existing emails, invoices, purchase orders, confirmation orders, packing lists, records, and information associated with the purchase, receipt, sale, production, promotion, or other disposition of products containing the infringing lid knobs. If any such documents are generated while this injunction is in place, the Individual Defendants and Entity Defendants are ordered to retain those documents as well.

## V. CONTINUING EFFECT

This Order shall remain in effect unless and until altered, amended or terminated by further order of the Court. The provisions of this Order are immediately in effect.

**SO ORDERED** this 29th day of February, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh