IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **THE B & F SYSTEM, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **LLOYD J. LEBLANC JR., MAXAM WHOLESALE OF ATLANTA, INC., DIRECT SOURCE IMPORTS, INC., ARTHUR JEFFREY LEBLANC, LLOYD LEBLANC, III, PRODUCTOS MEXICANOS DON JOSE, INC., LEBLANC'S LLC, and EDNA G. LEBLANC,** <br><br> Defendants. | Civil Action No. 7:07-CV-192 (HL) |

**ORDER**

Plaintiff has filed a Motion for Attorney's Fees (Doc. 303) in which it asks the Court to grant it fees and related nontaxable expenses in the amount of $485,967.50. According to a chart attached to the motion, this amount consists of the following: (1) attorney's fees in the amount of $416,567; (2) nontaxable expenses in the amount of $6,013.44; and (3) a 15% upward adjustment in the amount of $63,387.06.

The calculation of a reasonable attorney's fees award is performed by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541 (1984). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The applicant also has the burden to produce "satisfactory evidence that the requested rate is in line with prevailing market rates." Id. at 1299. "Satisfactory evidence" is more than the affidavit of the attorney performing the work. Id.

Here, the only evidence provided by Plaintiff are affidavits from its counsel, which do not meet its evidentiary burden. Plaintiff is ordered to supplement its attorney's fees motion and present proper evidence to establish reasonable hourly rates for the attorneys and staff members who worked on the case.

Further, Plaintiff is ordered to set out the requested rate for each attorney or staff member, the total hours claimed for each attorney or staff member, and the total compensation claimed for each attorney or staff member. It is not the Court's responsibility to review 150-plus pages of billing records and determine who spent how many hours doing what and for how much money.

Finally, Plaintiff is ordered to provide the Court with a breakdown of what constitutes the $6,013.44 in non-taxable costs Plaintiff seeks to recover.

This request for additional information does not mean the Court has made any decision on the attorney's fees request. The Court simply wishes to be prepared to rule on the motion in a timely manner, and believes it better to request the information sooner rather than later.

Plaintiff will have until May 18, 2012 to comply with this Order.

**SO ORDERED**, this 30th day of April, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh