IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **THE B & F SYSTEM, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **LLOYD J. LEBLANC JR., MAXAM WHOLESALE OF ATLANTA, INC., DIRECT SOURCE IMPORTS, INC., ARTHUR JEFFREY LEBLANC, LLOYD LEBLANC III, PRODUCTOS MEXICANOS DON JOSE, INC., LEBLANC'S LLC, and EDNA G. LEBLANC,** <br><br> Defendants. | Civil Action No. 7:07-CV-192 (HL) |

**FINAL JUDGMENT**

This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict. The Court has also ruled on the parties' post-trial motions. The Court renders the following Final Judgment pursuant to Federal Rule of Civil Procedure 58.

1. Plaintiff The B & F System, Inc. shall recover from Defendant Lloyd J. LeBlanc Jr. the sum of $72,114 for breach of the Maxam Independent Distributor Agreement, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

2. Plaintiff The B & F System, Inc. shall recover from Defendant Lloyd J. LeBlanc Jr. the sum of $35,665 for breach of the Service Mark License Agreement, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

3. Plaintiff The B & F System, Inc. shall recover from Defendants Arthur Jeffrey LeBlanc, Lloyd LeBlanc III, Direct Source Imports, Inc., and Productos Mexicanos Don Jose, Inc., jointly and severally, the sum of $7,500 for Direct Source Imports, Inc.'s tortious interference with the Maxam Independent Distributor Agreement, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

4. Plaintiff The B & F System, Inc. shall recover from Defendants Arthur Jeffrey LeBlanc, Lloyd LeBlanc III, Lloyd J. LeBlanc Jr., and Edna G. LeBlanc, jointly and severally, the sum of $35,665 for Arthur Jeffrey LeBlanc's tortious interference with the Service Mark License Agreement, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

5. Plaintiff The B & F System, Inc. shall recover from Defendants Lloyd LeBlanc III, Arthur Jeffrey LeBlanc, Lloyd J. LeBlanc Jr., and Edna G. LeBlanc, jointly and severally, the sum of $35,665 for Lloyd LeBlanc III's tortious interference with the Service Mark License Agreement, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

6. Plaintiff The B & F System, Inc. shall recover from Defendants Productos Mexicanos Don Jose, Inc., Direct Source Imports, Inc., Arthur Jeffrey LeBlanc, and Lloyd LeBlanc III, jointly and severally, the sum of $35,665 for

Productos Mexicanos Don Jose, Inc.'s tortious interference with the Service Mark License Agreement, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

7.      Plaintiff The B & F System, Inc. shall recover from Defendants Direct Source Imports, Inc., Productos Mexicanos Don Jose, Inc., Arthur Jeffrey LeBlanc, and Lloyd LeBlanc III, jointly and severally, the sum of $57,066 for Direct Source Imports, Inc.'s tortious interference with the Service Mark License Agreement, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

8.      Plaintiff The B & F System, Inc. shall recover from Defendants Lloyd J. LeBlanc Jr., Edna G. LeBlanc, Arthur Jeffrey LeBlanc, Lloyd LeBlanc III, Maxam Wholesale of Atlanta, Inc., Productos Mexicanos Don Jose, Inc., and Direct Source Imports, Inc., jointly and severally, the sum of $600,000 as damages on Plaintiff's Lanham Act claims, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

9.      Plaintiff The B & F System, Inc. shall recover from Defendants Lloyd J. LeBlanc Jr., Edna G. LeBlanc, Arthur Jeffrey LeBlanc, Lloyd LeBlanc III, Maxam Wholesale of Atlanta, Inc., Productos Mexicanos Don Jose, Inc., and Direct Source Imports, Inc., jointly and severally, the sum of $357,040 as profits on Plaintiff's Lanham Act claims, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

10. Plaintiff The B & F System, Inc. shall recover from Defendant Arthur Jeffrey LeBlanc the sum of $180,000 in statutory damages on Plaintiff's Anticybersquatting Consumer Protection Act claim, with post-judgment interest thereon at the rate as provided by 28 U.S.C. § 1961(a) from the date this Judgment is entered until paid in full.

11. Plaintiff The B & F System, Inc. shall recover from Defendants Lloyd J. LeBlanc Jr., Edna G. LeBlanc, Arthur Jeffrey LeBlanc, Lloyd LeBlanc III, Maxam Wholesale of Atlanta, Inc., Productos Mexicanos Don Jose, Inc., and Direct Source Imports, Inc., jointly and severally, the sum of $372,857.50 in attorney's fees and $2,354.11 in non-taxable costs.

12. Judgment is entered in favor of Plaintiff The B & F System, Inc. on all counterclaims brought by Defendant Lloyd J. LeBlanc Jr.

13. Judgment is entered in favor of Defendant LeBlanc's LLC on all claims brought by Plaintiff The B & F System, Inc.

14. Judgment is entered in favor of all Defendants on Plaintiff The B & F System, Inc.'s claim for punitive damages.

15. The counterclaim brought by Defendants Arthur Jeffrey LeBlanc, Lloyd LeBlanc III, and Direct Source Imports, Inc. against Plaintiff The B & F System, Inc. is dismissed.

16. Plaintiff The B & F System, Inc. shall recover its costs of this action.

17.     Defendants Lloyd LeBlanc Jr., Edna G. LeBlanc, Arthur Jeffrey LeBlanc, Lloyd LeBlanc III, Maxam Wholesale of Atlanta, Inc., Productos Mexicanos Don Jose, Inc., and Direct Source Imports, Inc., their respective officers, agents, employees, successors and assigns, and any other person or entity in active concert or participation with them are ordered to immediately destroy any and all print and electronic copies of Plaintiff The B & F System, Inc.'s master customer list still within their possession, including but not limited to Plaintiff's Exhibits 136, 137, and 197, and are ordered to destroy all advertising and promotional materials or other printed material containing the marks "MAXAM" or "MAXAM WHOLESALE." They are also permanently enjoined from the following: (1) making use of the contents of Plaintiff's master customer list for any and all purposes; (2) transferring or conveying Plaintiff's master customer list to any person or entity; (3) all use of any name, designation, or mark containing the phrases "MAXAM" or "MAXAM WHOLESALE," or any marks similar thereto or likely to cause confusion therewith, in the manufacturing, production, marketing, promotion, display, sale, offering for sale, distribution or advertising of any products or services; (4) making any statements or representations, or using the "MAXAM" or "MAXAM WHOLESALE" marks in any way that suggests an affiliation, connection, sponsorship, or association with Plaintiff; (5) all advertising, promotion, and sale of any product containing any steam control lid knob substantially similar to Plaintiff's lid knob depicted in its Supplemental Register lid knob trademark (the "infringing lid knob"), including but not limited to removing all

photographs of such items from www.buydsi.com, www.heirloomcookware.com, and www.kitchenpridecookware.com; (6) marketing, promoting, advertising, selling, offering for sale, distributing, or otherwise disposing of any product containing the infringing lid knob; (7) destroying, altering, disposing of, concealing, or tampering with all business records, emails, invoices, purchase orders, confirmation orders, packing lists, records, and other information associated with the purchase, receipt, sale, production, promotion, or other disposition of products containing the infringing lid knob; (8) otherwise violating Plaintiff's trademark rights; (9) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and (10) aiding, abetting, contributing to, or otherwise assisting from engaging in activities enjoined above.

18.  Plaintiff The B & F System, Inc.'s Bill of Costs will be considered by the Clerk of Court post-judgment.

19.  All relief not expressly granted herein is hereby denied.

**SO ORDERED** this 10th day of July, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh