[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13946

_____

D. C. Docket No. 7:07-cv-00192-HL

THE B AND F SYSTEM, INC.,

                        Plaintiff - Counter-Defendant - Appellee,

versus

LLOYD J. LEBLANC, JR.,
MAXAM WHOLESALE OF ATLANTA, INC.,
DIRECT SOURCE IMPORTS, INC.,
ET AL.,

                        Defendants - Counter Claimants - Appellants,

PRODUCTOS MEXICANOS DON JOSE, INC.,
LEBLANC'S, LLC,
EDNA LEBLANC,

                        Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 22, 2013)

Before HULL, ANDERSON and FARRIS,[*] Circuit Judges.

PER CURIAM:

We have had the benefit of oral argument, and have carefully considered the briefs and relevant parts of the record. We conclude that the judgment of the district court should be affirmed.

After an extensive trial, the jury issued a verdict in favor of the Plaintiff, finding that the Defendants committed four violations of the Lanham Act, 15 U.S.C. § 1125: (1) infringing on Plaintiff's federally registered trademark "MAXAM"; (2) infringing on Plaintiff's "lid knob" configuration trademark, which was on the Supplemental Register of the U.S. Patent and Trademark Office; (3) infringing on Plaintiff's "MAXAM WHOLESALE" trademark; and (4) engaging in "false designation of origin" and unfair competition. The jury awarded $600,000 in "actual damages" and $357,040 of the Defendants' profits.

In addition to the Lanham Act violations, the jury found that the Defendants (1) breached paragraphs 4 and E of the Maxam Independent Distributorship Agreement ("MIDA"); (2) breached the Service Mark License Agreement ("SMLA"); and (3) tortiously interfered with the contractual relationships

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

established by the MIDA and the SMLA.

With respect to the Defendants' appeal of the district court's denial of their motion for judgment as a matter of law with respect to Plaintiff's trademark-false designation of origin/unfair competition claims,[1] we entertain only the specific arguments which Defendants have fairly presented in their initial brief. With respect to those arguments, Defendants have failed to persuade us that the district court committed reversible error. Defendants' primary argument appears to be that these claims were barred because, at the summary judgment stage, the district court examined the several products of the Plaintiff (which Plaintiff claimed were being infringed by the Defendants' products) and concluded that Plaintiff had failed to prove that the products were entitled to trade dress protection. On appeal, Defendants argue that, pursuant to the Supreme Court decisions in Wal-Mart Stores v. Samara Brothers, Inc., 529 U.S. 205, 120 S. Ct. 1339 (2000), and Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 123 S. Ct. 2041 (2003), the

---

[1] We discuss the trademark claims and the false designation of origin/unfair competition claim together for the following reasons. The jury found that Plaintiff proved all of its Lanham Act claims. These Lanham Act claims (except the lid-knob trademark claim) involved proof that Defendants sold their own products under false or misleading representations that Defendants were affiliated with, approved by, or filling the shoes of MAXAM or MAXAM WHOLESALE (Plaintiff's trademarks). And the jury found that its damages (the $600,000 found in interrogatory 61 and the $357,040 found in interrogatory 63) resulted from those violations. Finally, the dispositive law for this appeal is common to all trademark-related claims.
   With respect to the lid-knob trademark claim, the Defendants have not persuaded us that there was reversible error in the final judgment.

Plaintiff's trademark-false designation of origin/unfair competition claims could not lie because the underlying products themselves had no trade dress protection. Defendants provide no elaboration of their argument, and we cannot conclude that it has merit. Samara does not say anything like Defendants' broad proposition. Rather, Samara holds only that "in an action for infringement of unregistered trade dress under § 43(a) of the Lanham Act, a product's design is distinctive, and therefore protectible, only upon a showing of secondary meaning." Id. at 216, 120 S. Ct. at 1346. The instant case primarily involves alleged infringement of a registered trademark—MAXAM—in connection with the sale and marketing of the various products here. By contrast, Samara involved only the alleged infringement of a product design.

Dastar likewise does not support the Defendants' argument. In Dastar, the Supreme Court held that the phrase "origin of goods" in the Lanham Act "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." Dastar, 539 U.S. at 37, 123 S. Ct. at 2050. In that case, only content that was in the public domain was copied, and the copied products were not sold by using the plaintiff's trademark. Here, the Plaintiff's Lanham Act claims were based not on "any idea, concept, or communication embodied" in the goods themselves, but primarily on

4

the use and contents of the Defendants' "maxamwholesale.com" website suggesting to customers that the Defendants were affiliated with, or became the successors of, MAXAM and MAXAM WHOLESALE.

Although Defendants' conclusory challenge on appeal leaves us unsure of the rationale of their reliance upon the district court's summary judgment ruling, we do note that the focus of the district court's discussion of the trade dress was a comparison of the similarities, vel non, of the products themselves. It seems that in its trade dress discussion, the district court was not considering the Defendants' use of the Plaintiff's trademark, MAXAM. By contrast, at summary judgment, the district court's focus was on the trademark in addressing the Plaintiff's trademark-false designation of origin claims. With respect to those claims, the district court expressly held they should go to a jury.

We cannot conclude that Defendants' arguments on appeal warrant reversal of the judgment based on the jury verdict with respect to Plaintiff's trademark-false designation of origin claims;[2] any other challenges to the judgment are deemed waived.

---

[2] We decline to entertain other arguments which might have been made but were not made by Defendants-Appellants. For example, we decline to address whether, or the extent to which, a trademark claim is different from a trade dress claim. And we decline to address whether, or under what circumstances, a district court ruling at summary judgment stage is binding or influential on appeal. We note that the district court's summary judgment ruling with respect to trade dress is not challenged on appeal, so we need not address its correctness.

Because Defendants' only discernible challenge to the district court's evidentiary rulings is that the trademark-false designation of origin claims are barred, and because we reject that argument above, we similarly reject Defendants' evidentiary challenges. Defendants' arguments on appeal challenging the jury instructions are too conclusory to fairly raise any issues; any challenge to jury instructions is deemed waived.

Defendants' challenge to the jury award of $96,000 actual damages for cyberpiracy (Special Interrogatory number 68) is without merit. The challenge to the award is moot because Plaintiff elected statutory damages.[3] Defendants have also mounted a challenge to the jury's $600,000 damage award. However, Defendants have failed to persuade us that the judgment is reversible in that regard.

We reject Defendants' challenge to the district court's award of attorneys' fees. Their argument that the jury finding was corrupted by inadmissible evidence is rejected because we reject the premise of inadmissibility. We reject summarily Defendants' argument that the district court improperly deferred to the jury's finding; we read the district court as properly exercising its discretion. Because we

---

[3] We reject summarily the Defendants' argument that the district court improperly deferred to the jury's determination of damages. Other arguments challenging the damage awards are either not made at all, or not made with sufficient clarity to be deemed fairly raised. Any other arguments (including arguments fairly raised for the first time in the reply brief) are deemed waived.

construe the district court as having properly considered the jury finding with respect to willfulness as merely advisory, error in the jury instruction, if any, would be harmless.

We reject Defendants' challenges to the district court's ruling with respect to Paragraph 4 of the Maxam Independent Distributorship Agreement ("MIDA"). The Defendants' arguments on appeal raise issues of Georgia law as relevant to Plaintiff's claim that Defendants breached the contract. We reject Defendants' cramped interpretation of Paragraph 4 as requiring only Defendants' cooperation with Plaintiff's promotional programs; the paragraph also expressly imposes upon Defendants the obligation of "making a continuing effort to establish new accounts and customers" for Plaintiff's products. The district court did not abuse its discretion in admitting the evidence Defendants challenge, and, most important, the district court did not err in declining to rule as a matter of law that Plaintiffs had failed to prove a violation of Paragraph 4. There was sufficient evidence to create a jury issue.

Defendants' challenge to the district court's ruling with respect to Paragraph E of the MIDA again presents pure state law issues. We see no error; Georgia law permits protection for customer lists even if in the form of computer data (as opposed to mere memory in a former employee's mind), and even without time

limitation.[4]

Defendants' only challenge to the jury findings or the judgment with respect to Plaintiff's tortious interference claim is that none of the Defendants are liable because Lloyd LeBlanc had the legal right to take all actions at issue. Because we have already rejected the premise of Defendants' argument, we also reject Defendants' challenge with respect to tortious interference.

For the foregoing reasons,[5] the judgment of the district court is AFFIRMED.

---

[4] We see no inconsistency in this ruling of the district court and its earlier rulings with respect to the Georgia law of trade secrets and conversion. Defendants argue for the first time in their reply brief that the language of Paragraph E does not prohibit Defendants' own use of Plaintiff's customer lists; accordingly, we deem the argument waived.

[5] Any arguments raised by Defendants-Appellants not mentioned in this opinion are rejected summarily without need for discussion.